THE OHIO BELL TELEPHONE COMPANY, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 81-512—Decided December 30, 1981.)

*Mr. Donald W. Morrison, Mr. Charles L. Orloff* and *Mr. Charles S. Rawlings,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik, Ms. Jane L. Miller* and *Mr. David M. Neubauer,* for appellee.

*Per Curiam.* Appellant contends that the decision of the

commission to exclude from the rate base the unamortized balance of the pre-1971 investment tax credit was unreasonable and unlawful.

Appellant argues that the reduction of the rate base by this amount was unauthorized by statute. A similar argument was rejected in *Babbit* v. *Pub. Util. Comm.* (1979), 59 Ohio St. 2d 81, 91, wherein we held that the commission's reduction of the rate base by the amount of accumulated tax deferrals was authorized by R. C. 4909.05 and 4909.15(A)(1).

Appellant's remaining arguments essentially contest the degree of proof the commission required to sustain the inclusion of this amount in the rate base. R. C. 4909.18 provides that in a hearing upon an application for increase in rates " * * * the burden of proof to show that the proposals in the application are just and reasonable shall be upon the public utility."

During the years when this tax credit was in effect, Ohio law required utilities to "flow-through" these tax benefits to the ratepayers as they were used for tax purposes. See *Cincinnati Gas & Electric Co.* v. *Pub. Util. Comm.* (1962), 173 Ohio St. 473. Appellant asserts that its burden was met by establishing the "effect" of this flow-through requirement. The commission required appellant to show that the "flow-through" actually occurred in order to sustain its burden of proof. Appellant submitted no evidence tending to show that these tax benefits were flowed through, and the commission determined appellant did not meet its burden of proof.

The findings of the commission will not be disturbed unless they are manifestly against the weight of the evidence and are so clearly unsupported by the record as to show misapprehension, mistake or willful disregard of duty. *Consumers' Counsel* v. *Pub. Util. Comm.* (1981), 67 Ohio St. 2d 153, 156. In light of this standard, the commission's determination to exclude this amount from the rate base is neither unreasonable nor unlawful.

Accordingly, the order of the commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN AND KRUPANSKY, JJ., concur.